UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>EDDI'S CONTRACTOR, LLC,<br><br>    *Defendant*. | No. 3:23cv1376(MPS) |

**RULING ON MOTION FOR DEFAULT JUDGMENT**

The United States of America filed this action against Eddi's Contractor, LLC, to recover civil penalties the defendant owes the United States Department of Labor, Occupational Safety and Health Administration (DOL/OSHA) for violations of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678. ECF No. 1. The government alleged in its complaint that it is entitled to payment of $33,416.54, representing interest, penalties, costs, and fees as of August 30, 2023. *Id.* ¶ 3. Despite service of the summons and complaint,[1] the defendant failed to appear and plead. The Clerk of the Court entered default under Fed. R. Civ. P. 55(a). ECF No. 10. On December 21, 2023, the United States filed a motion for default judgment under Rule 55(b) requesting judgment in the amount of $33,539.38. ECF No. 11. The defendant did not file any

---

[1] Federal Rule of Civil Procedure 4 governs service of process. Rule 4(h) provides that a corporation, partnership, or association may be served by following state law for serving an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)–(B). "Rule 4(e)(1) and (h)(1) together provide that service of process on a domestic entity may be made as authorized by the law of either the state in which the district court sits or in which service is effected." *Callahan v. iCare Health Network*, No. 3:19CV1679(JAM), 2023 WL 2988889, at *3 (D. Conn. Apr. 18, 2023)(internal quotation marks omitted). Here, the defendant, a domestic limited liability company, was served by leaving a copy of the summons and complaint at the abode of the defendant's statutory agent for service, *see* ECF No. 8, which is a proper means of service on a domestic LLC under Connecticut law. See Conn. Gen. Stat. § 34-243r (providing that process on a limited liability company made be made by "leaving a true and attested copy with such company's registered agent, or at his or her usual place of abode in this state.")

response. See D. Conn. L. Civ. R. 7(a)(2) (providing that opposition to a motion shall be filed within twenty-one days of the motion and that failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion). On May 9, 2024, the United States filed an amended motion for default judgment reflecting an updated request for judgment in the amount of $34,502.66 as of May 8 and that included an affidavit attesting to the calculation as to each of the amounts requested and copies of the underlying citations and notification penalties. ECF No. 12. For the reasons set forth below, the amended motion for default judgment is granted.

**I.     Facts**

Upon entry of a default, the court accepts as true all of the factual allegations of the complaint, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The complaint (ECF No. 1) alleges the following facts. The defendant, a Connecticut LLC, was assessed civil penalties for violation of workplace safety regulations from inspections conducted by OSHA on October 15, 2019 and February 10, 2020. *Id.* ¶¶ 2, 4.[2] The total principal amount of the civil penalty is $19,664 plus fees, penalties, and interest for a total amount of $33,416.54 as of August 30, 2023. *Id.* ¶ 3. The government submitted with the complaint a Certificate of Indebtedness attesting to the amount owed as follows:

| | |
|---|---|
| Principal: | $19,664.00 |
| Interest (at 2%): | $1,242.60 |
| Penalty (at 6%): | $3,629.49 |
| Admin. Fees: | $8,880.45 |
| Total: | $33,416.54 |

---

[2] As indicated, the government submitted copies of the citations and notification of penalty with its amended motion for default judgment. ECF No. 12.

ECF No. 1-1 at 2.  The Certificate of Indebtedness is certified under the penalty of perjury by Natalie Stubbs, a Financial Program Specialist with the U.S. Department of the Treasury.  *Id.* at 2.  Despite notice and demand, the defendant has not paid the amount due.  ECF No. ¶ 5.

**II.     Standard of Review**

Although "a default constitutes an admission of all the facts 'well pleaded' in the complaint, it does not admit any conclusions of law alleged therein, nor establish the legal sufficiency of any cause of action." *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000).  It therefore "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Leider v. Ralfe*, No. 01CV3137, 2004 WL 1773330 at *7 (S.D.N.Y. July 30, 2004); *see Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) ("the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true.").

If the court determines that a plaintiff has alleged a cognizable cause of action and is entitled to a default judgment as a matter of law, it must next determine "the amount of the damages with reasonable certainty." *Credit Lyonnaise Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Id.* "A district court has the discretion to determine the amount of damages to be included in a default judgment by an evidentiary hearing, detailed affidavits, or documentary evidence." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 191 (2d Cir. 2006).  A court does not need to hold a hearing on damages if the court can "ensure that there is a basis for the damages specified." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

### III. Discussion

#### A. Liability

Upon review of the record, I find that default judgment is warranted. The complaint alleges that the defendant was assessed civil penalties arising from inspections conducted by OSHA on October 25, 2019 and February 10, 2020. ECF No. 1 ¶¶ 2, 4. The defendant subsequently failed to pay the penalties. *Id.* ¶ 5.[3] These allegations state a cause of action for the recovery of the civil penalties imposed by OSHA. *See Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 447 (1977) (holding that "[i]f the employer fails to pay" an OSHA penalty, "the Secretary [of Labor] may commence a collection action in a federal district court"); *United States v. Structure Builders, LLC*, No. 1:22-CV-00705, 2022 WL 4454364, at *2 (M.D. Pa. Sept. 23, 2022) (granting default judgment where Plaintiff's "unchallenged allegations in the complaint, taken as true" stated a cause of action for collection of civil penalties); *United States v. D.C. Miller Constr., LLC*, No. 1:22-CV-00067, 2022 WL 9402583, at *2 (N.D. Ohio Oct. 14, 2022) (granting default judgment where plaintiff alleged that defendant failed to pay OSHA penalties associated with workplace violations).

#### B. Damages

I next find that the government's evidence, including the Certificate of Indebtedness (ECF No. 1-1), the May 9th amended affidavit of AUSA Sciarrino (ECF No. 12-2), the citations (ECF Nos. 12-3 – 12-7), and the Invoice/Debt Collection Notice (ECF No. 12-8) are sufficient to establish the requested amount of $34,502.66 as of May 9, 2024:

---

[3] OSHA provides in pertinent part:
> Civil penalties owed under this chapter shall be paid to the Secretary for deposit into the Treasury of the United States and shall accrue to the United States and may be recovered in a civil action in the name of the United States brought in the United States district court for the district where the violation is alleged to have occurred or where the employer has its principal office.

29 U.S.C. § 666(l).

| | |
|---|---|
| Principal: | $19,664.00 |
| Interest (at 2%): | $1,514.76 |
| Penalty (at 6%): | $4,443.45 |
| Admin. Fees: | <u>$8,880.45</u> |
| Total: | $34,502.66 |

ECF No. 12-2, Sciarrino Aff. ¶ 8.  The affidavit and Invoice/Debt Collection Notice set forth the rates for each of the assessments, the underlying calculations, and the authority for each of the above amounts.  See ECF No. 12-2, Sciarrino Aff. ¶¶ 5-8.

**IV.   Conclusion**

For the reasons stated above, the amended motion for default judgment (ECF No. 12) is GRANTED.  Default judgment is entered in the government's favor against defendant in the amount of $34,554.38 as of May 20, 2024.  This calculation includes the $34,502.66 accrued as of May 8, 2024, plus $51.72 (reflecting an additional 12 days of interest at $4.31 of interest per day), and assumes judgment will be entered on May 20, 2024.  If the Clerk is not able to enter judgment on May 20, 2024, the Clerk shall add $4.31 per day to the total, up until the day judgment is entered.  Upon the entry of judgment, interest will accrue at the legal rate under 28 U.S.C. § 1961.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
         May 20, 2024